GULLAND-CLARKE COMPANY *v.* IDELLA M. BALLAH *et al.*

(No. 7189)

Submitted February 9, 1932.    Decided April 5, 1932.

*S. T. Spears* and *H. Roy Waugh,* for appellant.
*Young & McWhorter,* for appellee Buckhannon Bank.

LITZ, JUDGE:

This suit was instituted in January, 1931, by Gulland-Clarke Company, a corporation, suing on behalf of itself and

all other lien creditors of Mrs. Idella M. Ballah, against her, Buckhannon Bank, a corporation, Sagamore Farms, Inc., a corporation, U. G. Young, Jr., trustee, J. C. McWhorter, trustee, and others, to cancel two deeds of conveyance from Idella M. Ballah to Sagamore Farms, Inc., dated, respectively, November 4th and December 1, 1930, as having been made to hinder, delay and defraud her creditors; and to cancel a deed from her to U. G. Young, Jr., trustee, dated November 15, 1930, and a deed from Sagamore Farms, Inc., to J. C. McWhorter, trustee, dated December 23, 1930, as preferences in favor of the Buckhannon Bank.

On September 4, 1930, plaintiff obtained judgment against Idella M. Ballah for $684.72, with interest and costs, which was docketed December 15, 1930.

By the deed of November 4, 1930, Idella M. Ballah conveyed to Sagamore Farms, Inc., lot 13 in block 26 of Buckhannon Land Trust Association Addition to the city of Buckhannon for a recited consideration of ''$1.00 and other valuable consideration.'' By the deed of December 1, 1930, she conveyed to Sagamore Farms, Inc., lot 1 in block 33 of said Land Trust Association Addition to the city of Buckhannon for a like recited consideration. By the deed of November 15, 1930, Idella M. Ballah conveyed to U. G. Young, Jr., trustee, lot 1 in block 33 of said city addition to secure the Buckhannon Bank in the payment of a note executed by her to it for $3,711.80, due April 16, 1931. By the deed of December 23, 1930, Sagamore Farms conveyed to J. C. Mc-Whorter, trustee, said lot 13 in block 26 of said city addition to further secure the Buckhannon Bank in the payment of said note.

By decree of April 30, 1921, the two deeds executed by Mrs. Ballah to Sagamore Farms, Inc., were cancelled as having been executed without consideration for the purpose of hindering, delaying and defrauding her creditors, and the deed by her to U. G. Young, Jr., trustee, was declared to be a preference under section 5, article 1, chapter 40, Code 1931.

By decree of September 29, 1931, it was adjudged, ordered and decreed, in accordance with the report of a master com-

missioner, that the property conveyed by the deed of December 23, 1930, from Sagamore Farms, Inc., to J. C. McWhorter, trustee, was liable to sale for payment, without preference, of all the debts of Idella M. Ballah. Plaintiff has appealed from the latter ruling, contending that its judgment should have been decreed as the first lien against the property.

Plaintiff, conceding the general rule that a beneficiary under a deed of trust to secure a past indebtedness is a purchaser for value within the meaning of the registry statutes, contends that if the Sagamore Farms, Inc., be treated as the owner of the property, the conveyance thereof by it to the trustee, to secure the debt of Mrs. Ballah to the bank, is without consideration; citing 41 C. J. 386, wherein it is stated: "A pre-existing debt or liability is a sufficient consideration to support a mortgage given therefor, and there need not be a new consideration at the time of the making of the mortgage. *Where, however, the mortgagor is a stranger to the debt and there is no new consideration, the mortgage cannot be sustained.*" The same rule is announced in Jones on Mortgages, section 611, and other authorities. If Mrs. Ballah be treated as owner of the property (notwithstanding the pretended grant by her to the Sagamore Farms, Inc.), in order to provide a consideration for the trust deed, the lien of the previously docketed judgment of plaintiff against her is not affected by the conveyance. The corporation, for which Mrs. Ballah and A. L. Wetzel secured a charter a few weeks before the pretended grant by her to it, appears to be a mere fiction or dummy as none of its capital stock has been subscribed for or issued. In view of this situation, the conveyance of Mrs. Ballah, through the pretended corporation, for the benefit of the bank is no more effectual than a direct conveyance by her for that purpose.

Counsel contends in this court for the first time that the Buckhannon Bank is entitled to an equitable lien upon lot 13 antedating the trust deed in question. Such lien, not having been pleaded, cannot be considered. The bank, both in its answer and in its exceptions to the commissioner's

report, relied upon the trust deed as the only basis of any lien upon the property in its favor.

The decree complained of is reversed, the judgment in favor of plaintiff adjudged the first lien upon the property in controversy, and the cause remanded for further proceedings.

*Reversed and remanded.*